UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADVANCED SURGERY CENTER, LLC,
And SOUTHEAST MICHIGAN
ANESTHESIA GROUP, PLLC, as
Assignees of Terry Minor,

        Plaintiffs,

vs.

ALLSTATE INSURANCE CO.,

        Defendant.
_____/

Case No. 17-CV-12492

HON. GEORGE CARAM STEEH

OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 2]

This is a claim for Michigan No-Fault benefits stemming from a September 16, 2016 motor vehicle collision wherein Terry Minor sustained multiple accidental injuries. Plaintiff Advanced Surgery Center is an ambulatory surgical center that provided the situs for reasonably necessary medical treatment that was rendered to Mr. Minor. Plaintiff Southeast Michigan Anesthesia Group provided anesthesia services for one of the procedures that was performed at Advanced Surgery Center.

No responsible no-fault insurer could be identified, so plaintiffs initially filed a lawsuit on April 28, 2017 against the Michigan Automobile Insurance Placement Facility ("MAIPF") to compel it to name a servicing insurer that would act as Mr. Minor's no-fault insurance carrier. This lawsuit was filed in Macomb County Circuit Court and was subsequently voluntarily dismissed after plaintiffs' counsel learned that MAIPF had named Allstate Insurance Company to act as Mr. Minor's insurer. Plaintiffs then filed the present action against defendant Allstate, as the servicing insurer, in Oakland County Circuit Court on July 18, 2017. The complaint alleges two counts: a Personal Injury Protection ("PIP") claim and breach of contract. Allstate removed the matter to federal court based on diversity jurisdiction. The matter is before the court on Allstate's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

## STANDARD FOR SUMMARY JUDGMENT

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint

as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

ANALYSIS

I. <u>No Statutory Right to Sue No-Fault Insurers for Reimbursement</u>

The Michigan Supreme Court recently held that healthcare providers do not have a statutory right to sue a No-Fault insurer to recover No-Fault PIP benefits incurred by an injured person. *Covenant Med. Ctr., Inc. v.*

*State Farm Mut. Auto. Ins. Co.*, \_\_ Mich. \_\_; 895 N.W.2d 490 (2017). The court specifically limited its holding to whether the No-Fault Act conferred an independent statutory cause of action to healthcare providers, noting that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id.*, slip op. at 24 n.40.

The Michigan Court of Appeals reiterated post-*Covenant* that "providers have always been able to seek . . . assignment of an injured party's rights to past or presently due benefits . . . ." *W. A. Foote Memorial Hosp. v. MACP and MAIPF*, Docket No. 333360, (August 31, 2017), slip op. at 19-20. The decision emphasized that it was not intended to alter the ability of the injured person to assign his or her right to pursue an action for medical bills owed to the medical provider that provided the services, in accordance with MCL 500.3134, which only prohibits the assignment of a right to a future benefit.

To the extent that plaintiffs rely on the No-Fault Act itself to recover under their PIP Claim alleged in Count I, they do not have such a statutory claim. For example, in paragraph 18 of the complaint plaintiffs allege:

> Pursuant to MCL 500.3157, Plaintiffs are entitled to recover the outstanding balance for the products, services and/or accommodations to the injured party from Defendant.

MCL 500.3157 provides that a health care provider may charge a reasonable amount for medical services rendered to a person insured by a no-fault insurance carrier and such charges may not exceed the amount customarily charged for like services. Of course this statute, along with the others cited by plaintiffs in Count I, do not provide a basis for recovery, but they do provide the categories of recovery plaintiffs may seek to recover from defendant Allstate.

In paragraph 24 of the complaint, plaintiffs allege:

> Plaintiffs, as assignees of the injured party, are the real parties of interest and as such Plaintiffs have the right to prosecute this action against Defendant pursuant to MCL 600.2041.

This allegation makes it clear that plaintiffs are not seeking to recover for a cause of action stemming from the No-Fault Act itself, but rather from an assignment of rights from Mr. Minor. This is consistent with the holding of *Covenant*.

II. <u>Assignment</u>

"An assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed." *Professional Rehab. Assoc. v.*

*State Farm Mut. Auto Ins. Co.*, 228 Mich. App. 167, 177 (1998).  It follows that the healthcare provider "stands in the shoes of [the claimant] and possesses whatever right [he] would have to collect past due or presently due benefits from defendant."  *Id.*

    A.    <u>Signature of Advanced Surgery Center</u>

Plaintiff Advanced Surgery Center alleges that it has a valid assignment of rights from Mr. Minor.  In response, defendant contends that the purported assignment submitted by plaintiff does not contain any signature, let alone Mr. Minor's signature.  In support, defendant provides the court with a copy of Mr. Minor's signature from his driver's license.  Indeed, the assignment appears to contain only the printed name of Terry Minor.  Plaintiff responds by stating that the authenticity of the signature on the assignment, as well as Mr. Minor's intent, is the proper subject of discovery.  For purposes of this motion to dismiss for failure to state a claim for relief, the court presumes that all factual allegations are true and will not go beyond the pleadings to determine if a party has stated a cause of action.

B. <u>Signature of Southeast Michigan Anesthesia Group</u>

Plaintiff Southeast Michigan Anesthesia Group admittedly does not have an assignment of rights from Mr. Minor. Therefore, its action against defendant is dismissed without prejudice.[1]

C. <u>Partial or Piecemeal Assignment Invalid</u>

Defendant argues that the assignment is invalid because it does not assign all no-fault PIP claims which Mr. Minor may have. Rather, because Mr. Minor only purports to assign a subset of his PIP benefits (charges for medical services provided by plaintiff), it is a limited partial assignment and the No-Fault claimant maintains a vested right in the remainder of his No-Fault benefits claim.

Defendant contends that the doctrines of res judicata and collateral estoppel would theoretically prohibit Mr. Minor from filing a subsequent lawsuit seeking all other No-Fault benefits which had accrued at the time he filed a lawsuit strictly seeking plaintiff's bills. Furthermore, he would be prohibited from filing separate, concurrent lawsuits against Allstate seeking all other No-Fault benefits. According to defendant, if Mr. Minor does not

___

[1] For the remainder of the opinion, when the court refers to "plaintiff" it is referring to Advanced Surgery Center.

have a right to bring piecemeal litigation against Allstate, then he cannot assign the right to an assignee.

Plaintiff responds that the Michigan No-Fault Act contemplates that an injured person may be entitled to various types of benefits, including wage loss, replacement services, or medical bills, and not all of those benefits may accrue at the same time. For example, the Act provides that wage loss benefits are payable for the first three years after an accident, whereas there is no such limitation on medical expenses. An injured person remains free to file suit at any time in his life for unpaid medical expenses, so long as suit is filed within one year after the last unpaid expense. MCL 500.3145 ("one year back rule"). The Act contemplates that a complaint may be filed seeking no-fault benefits from time to time. In this case, plaintiff seeks to recover payment for all of its past and present claims in one lawsuit. Neither the partial nor piecemeal nature of the assignment made by Mr. Minor renders the assignment invalid.

Next, defendant argues the assignment is invalid because this lawsuit will not fully discharge Allstate and preclude any further lawsuits by Mr. Minor or another assignee. The Michigan Supreme Court has recognized that an assignee is the "real party in interest" in an action and may bring the

action in its own name where the assignment is such that satisfaction of the judgment obtained by the assignee will discharge the defendant from his obligation to the assignor. *Kearns v. Michigan Iron & Coke Co.*, 340 Mich. 577 (1954). According to defendant, an adjudication of plaintiff's bills in this case will not fully discharge Allstate or preclude any further lawsuit by Mr. Minor for the remainder of his No-Fault benefits claim.

Plaintiff responds by pointing to the purpose of the No Fault Act, referring back to its inception as the Uniform Motor Vehicle Accident Reparations Act (1972), which "'mandates the full payment of medical expense, without temporal or dollar limits' and the only sure way to enforce this rule is to have the insurer pay all actual allowable expenses as they are incurred." *Manley v. Detroit Auto Inter. Ins. Exchange*, 425 Mich. 140, 166 (1986). Plaintiff contends that one of the objectives of the No Fault Act is to pay benefits periodically to sustain the injured person's suffering loss as expenses accrue. As contemplated by the No-Fault Act, satisfaction of any judgment obtained by Advanced Surgery Center will discharge Allstate from its obligation as to the bills Mr. Minor incurred for the services he received at Advanced Surgery Center.

The court finds that the assignment to Advanced Surgery Center is not rendered invalid for any of the reasons argued by defendant in its motion to dismiss.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is granted without prejudice as to Southeast Michigan Anesthesia Group and denied as to Advanced Surgery Center.

Dated: October 24, 2017

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 24, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---